508

ELIZABETH FARIS, Appellant, *vs.* HARLAN FARIS *et al.*
Appellees.

*Opinion filed April 23, 1932—Rehearing denied June 10, 1932.*

A. C. & BEN F. ANDERSON, (HERBERT S. ANDERSON,
of counsel,) for appellant.

T. N. COFER, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Charles H. Faris died intestate, seized of 200 acres of
land in Coles county. He left him surviving appellant,
Elizabeth Faris, his widow, and his nieces and nephews,
appellees, Harlan Faris, Mildred Barkley, Margaret Welch,
Susan Faris Rasmussen, Eben Faris and Carroll Faris, chil-
dren of Thomas Faris, a deceased brother of the intestate,
as his only heirs-at-law. Appellant filed a bill in chancery
in the circuit court of Coles county for partition and for
the assignment of homestead and dower in the 200 acres,
making appellees and a tenant, Edward Bennett, who was
defaulted, parties defendant. Appellees answered the bill,
admitting that the interests of the respective parties were
correctly stated in the bill, except that they denied that ap-
pellant had a homestead interest. They do not now deny

her right to homestead. The court thereupon entered a decree for partition in accordance with the prayer of the bill and entered an order in the usual form, appointing three commissioners to make partition among the parties in accordance with their respective rights as alleged in the bill and found by the decree. The commissioners subscribed the usual oath, went upon the premises, appraised the same, found that they were susceptible of partition and partitioned the premises between appellant and appellees, assigning one part thereof to appellant and the remainder thereof to appellees jointly, it having been agreed by the parties that appellees' interests might be set off in one tract. Appellant filed exceptions to the report of the commissioners, which were heard and overruled by the court, and a final order was entered confirming the partition made by the commissioners. Appellant has appealed from such order to this court.

The farm partitioned consisted of six tracts. No. 1 contained 40 acres; No. 2, 40 acres; No. 3, 18.75 acres; No. 4, 21.75 acres; No. 5 was divided into tracts 5a and 5b, 5a containing 32 acres and 5b 18 acres; and tract No. 6 contained 30 acres. Appellant was given in fee tracts 2, 3, 4 and 5a, or 112 acres, and dower in tracts 1 and 5b. The heirs were allowed in fee tracts 1, 6 and 5b, or 88 acres.

Appellant complained that the commissioners gave her all the poor land and all the buildings, two sets of improvements, with cattle barns, and gave the good land to appellees free of improvements. Upon the hearing of appellant's objections to the commissioners' report each one of the commissioners was called and examined as a witness by appellant and each one of them testified, giving his estimate as to the value of, and improvements on, the various tracts of land, the manner in which the commissioners arrived at their partition and that the report as made was their best judgment about the matter. Appellant testified, giving her estimate of valuations, together with her objec-

510

tions and the reasons therefor. She also called two other witnesses, who gave testimony with regard to the character of the land in the various tracts and their opinions as to the value of the different tracts. The court then announced that he would like to interrogate the commissioners himself, and each of the commissioners was recalled and examined by the court as to his acquaintance with the land, its value, the manner in which the commissioners made their partition and the reasons therefor. The chancellor saw and heard the witnesses and was convinced by the evidence that the partition as made was fair, just and equitable and entered his order accordingly. We would not be justified by the evidence in this case in setting aside the order and decree.

The decree of the circuit court is affirmed.

*Decree affirmed.*